**UNITED STATES of America, Plaintiff–Appellant,**

v.

**SKW METALS & ALLOYS, INC., and Charles Zak, Defendants– Appellees.**

No. 00–1570.

United States Court of Appeals, Second Circuit.

March 20, 2001.

John J. Powers III, Department of Justice, Antitrust Division, Washington, DC; A. Douglas Malamed, Acting Assistant Attorney General, Marion L. Jetton, Melvin

**66**

Lublinski, Edward Friedman and John W. McReynolds, Department of Justice Attorneys, on the brief, for appellant.

George R. Kucik, Washington, DC, Arent Fox Kitner Plotkin & Khan, PLLC; Joseph R. Price, on the brief, for appellee SKW Metals & Alloys, Inc.

Kevin M. Kearney, Buffalo, NY, Hodgson, Russ, Andrews, Woods & Goodyear, LLP; Kathleen Sellars, on the brief, for appellee Charles Zak.

Present JACOBS and CALABRESI, Circuit Judges, and JONES, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

SKW Metals & Alloys, Inc. ("SKW") and its executive vice-president, Charles Zak, were convicted after a jury trial in the United States District Court for the Western District of New York (Skretny, J.), of conspiracy to fix prices in the market for ferrosilicon, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Following cross-appeals, we held in *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83 (2d Cir.1999) ("*SKW I*"), that the district court misapplied the "volume of commerce" provision of U.S.S.G. § 2R1.1, and we remanded for re-sentencing. We made clear, however, that the district court was free to "adhere to the finding it has made," *id.* at 92, so long as that finding did not conflict with our mandate.

■ On remand, the district court ordered supplemental briefing in accordance with *SKW I*, and ultimately imposed the same sentence as before. The government argues on appeal that the sentence is inconsistent with our mandate. However, we conclude that the government's presentation to the district court on remand relied on the view (rejected in *SKW I*) that commerce is presumptively affected for the entire period of a price-fixing agreement. Under the circumstances, the reimposing of the same sentence was not clear error.

As to the timing of the conspiracy, the government's appeal relies chiefly upon evidence that Bethlehem Steel, which accounted for more than 20% of SKW's ferrosilicon sales in 1990, received identical price quotes from all four of the conspirators throughout 1990. But other evidence in the record supports a competing conclusion: that the market was unaffected during this period. Judge Skretny was not bound to accept the inferences urged by the government.

■ With respect to quantification, the government failed to present evidence on remand concerning the volume of sales affected by the violation during the two identified periods, and instead continued to argue that *all* sales were affected. The government had the burden of proving which sales were affected, *see id.* at 91, and it did not satisfy that burden. True, the government made a post-decision submission focusing on what the district court deemed to be the relevant time periods, but the court's decision to reject that filing as untimely was not an abuse of discretion.

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.